# MICHAEL D. MONTEMARANO, P.A.
*Attorney and Counsellor at Law*

3826 PAUL MILL ROAD<br>
SUITE 204<br>
ELLICOTT CITY, MARYLAND  21042<br>
(410) 992-0067<br>
FAX (443) 663-3002<br>
email: montemarano67@gmail.com

November 3, 2021

**<u>VIA CM/ECF</u>**
The Honorable George Levi Russell, III
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, MD 21201

  Re: *United States v. Michael Mercer*
     Case No.  GLR-20-462
     Sentencing submission

Dear Judge Russell:

  Initially, I wish to advise the Court that Mr. Mercer is prepared to waive his physical presence and to proceed with sentencing virtually, if this makes conditions easier for the Court and the USMS.  He further has authorized me as counsel to make such representation to the Court on his behalf.

  Mr. Mercer has been apprised of the right of allocution, all relevant matters and issues related to sentencing have been discussed, and the PSR, this sentencing submission and the terms of the plea have been reviewed with him, and his family has been advised of this decision and their right to view and participate.  Mr. Mercer has been apprised of the right to appeal within 14 days of sentencing, although he has entered an appeal waiver in the plea.

  This decision is driven in significant part by the defense review of the PSR, which we submit raises no red flags.  We therefore request that the Court sentence Mr. Mercer in accordance with the terms of the "C" plea.

  Relative to the issue of sentencing conditions, we request that the Court impose the sentence as community confinement or house arrest with work release.  The Supreme Court has held that these are significant restrictions on a defendant, and entirely equivalent to actual incarceration, *Gall v. United States,* 552 U.S. 38, 44-45 (2007).  This also is merited, in light of the present posture of this matter.  Mr. Mercer has been held since his arrest on March 25, 2019, when the search warrant was executed at the Oakley Avenue address.  This period will total 31

The Honorable George Levi Russell, III
November 3, 2021
page 2 of 2

months of actual incarceration by the point of his sentencing. All of this time saw him held either in federal custody, or in state custody on the state charges from the same events, and he necessarily will receive credit for this. *See* PSR, ¶ 55, p. 16.

      If the Court imposes the "C" plea term of 42 months, Mr. Mercer would expect to serve 35 months, given he will receive seven months of credit reduction at the two month per year rate. In normal circumstances, he would anticipate being released to a halfway house placement to mainstream him before release, and this period would be about six months in length at the conclusion of his sentence. As the Court can discern, in his present circumstances Mr. Mercer is being denied such an opportunity. Furthermore, counsel is given to understand that there have been significant COVID infection problems at the Volunteers of American halfway house on East Monument Street, the very location to which Mr. Mercer might otherwise expect to have been designated by this point in his sentence. On top of this Mr. Mercer, who was employed full-time when arrested, has been told he can return to work with his employer when released.

      Accordingly, the defense respectfully submits that consideration of the facts and circumstances as applicable to Mr. Mercer's present posture, taken together with the equities which flow therefrom, all argue stringently in favor of directing Mr. Mercer to serve the four remaining months of his sentence by way of house arrest, with work release.

      Thank you for your consideration of this request. We will be prepared at sentencing to address any questions the Court might have.

                                          Very truly yours,

                                          /s/

                                          Michael D. Montemarano

MDM/ap